# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MART D. GREEN, Trustee of the David and Barbara Green 1993 Dynasty Trust, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )  Case No. CIV-13-1237-D ) |
| UNITED STATES OF AMERICA, | ) ) |
| Defendant. | ) |

## **O R D E R**

Before the Court is Defendant's Motion in Limine [Doc. No. 61], to which Plaintiff has objected [Doc. Nos. 64 and 65], and Defendant has replied [Doc. No. 76]. The matter is fully briefed and at issue.

This tax refund action brought under the internal revenue laws of the United States concerns the denial of Plaintiff's claimed refund in connection with its amended 2004 federal tax return. Two issues remain for trial: (1) the fair market value of donated real property located in Virginia (the "Virginia Property"), and (2) whether a clerical error was made, and corrected, regarding $4.75 million in flow-through cash contributions claimed on Plaintiff's amended 2004 federal tax return. Defendant seeks to prohibit Plaintiff from introducing into evidence certain documents, primarily on grounds that the evidence is irrelevant under Rules 401 and 402, Fed. R. Evid., hearsay under Rules 801 and 802, or unduly prejudicial under Rule 403.

**Standard**

Although motions in limine are not formally recognized under the Federal Rules, district courts have long recognized the potential utility of pretrial rulings under the courts' inherent powers to manage the course of trial proceedings. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "A motion in limine presents the trial court with the opportunity 'to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). However, "a court is almost always better situated during the actual trial to assess the value and utility of evidence. Consequently, a court should reserve its rulings for those instances when the evidence plainly is 'inadmissible on all potential grounds' . . . and it should typically defer rulings on relevancy and unfair prejudice objections until trial when the factual context is developed." *Id.*; *see also Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1389, 1400 (N.D. Ill. 1993) ("Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.").

**Discussion**

**I.     Poole Appraisal Report**

Defendant first seeks to exclude an appraisal report of the Virginia Property produced by John Poole in March 2004 (the "Poole Appraisal Report"). Defendant

claims such evidence is prohibited by Fed. R. Evid. 702 and 705 because Mr. Poole, who died in May of 2004, is unavailable to testify or be cross-examined. Defendant additionally argues the Poole Appraisal Report is hearsay under Rule 801(c), and that, under Rule 403, admission of the report or any testimony regarding it would be fundamentally unfair, needlessly cumulative, and duplicative of testimony expected from another one of Plaintiff's expert witnesses. Plaintiff contends that the Poole Appraisal Report should be admitted because it is being offered not to prove the truth of the matter asserted therein, but to explain the origin of the valuation figure stated in Plaintiff's amended 2004 tax return and request for refund. Additionally, Plaintiff contends that Rules 702 and 705 are inapplicable under the circumstances here. Plaintiff further argues that the Poole Appraisal Report falls under several hearsay exceptions. To that end, Plaintiff will call a testifying appraiser who prepared an independent appraisal that provides a similar (within 5%) valuation as the Poole Appraisal Report; Plaintiff also intends to call a witness, Jeff Williams, to testify that the Poole Appraisal Report was made at or near the time of the donation, and that Plaintiff made and kept such valuation records with respect to regularly-conducted charitable activities.

   Defendant's motion is denied. Upon a proper foundation, the Poole Appraisal Report is admissible. Mr. Poole was not retained as an expert witness in this case, and his report was originally obtained in order to comply with Internal Revenue Service requirements. His report has a historical connection with the facts of the case, and provides an element of context important to an understanding of issues to be decided by

the jury. If offered for reasons other than its truth, the report is definitionally not hearsay. Moreover, upon proper foundation, the report could be admitted under a hearsay exception, including Rule 803(6), as a business record.

II. **Plaintiff's 2004 Federal Tax Return, Amended 2004 Federal Tax Return, and Form K-1 Issued by Hob-Lob**

Defendant next seeks to exclude Plaintiff's 2004 federal tax return, amended 2004 federal tax return, and a Form K-1 issued by Hob-Lob Limited Partnership ("Hob-Lob") (collectively, "Tax Records") on grounds that the Tax Records are hearsay under Rules 801-802, irrelevant under Rules 401-402, and unduly prejudicial, confusing, or a waste of time under Rule 403. Plaintiff contends that it is not offering the Tax Records to prove the truth of the matter asserted, but to show the relationship between the Virginia Property's valuation and Plaintiff's overall income tax reporting for 2004, and that such demonstration will be highly beneficial and instructive to the jury.

Defendant's motion is denied. Plaintiff's 2004 Tax Records are clearly relevant to the remaining issues, and the Court notes that they have been referred to extensively throughout the history of this case. Further, Defendant's hearsay objection is not well taken. Its primary authority for the general proposition that tax returns are inadmissible hearsay, *Blodgett v. Comm'r*, 394 F.3d 1030 (8th Cir. 2005), refers to the so-called general rule, but expressly declines to rule regarding the purported hearsay nature of the tax records at issues there. Moreover, the court in *Blodgett* cites to a 1935 case for the proposition – a case decided long before the adoption of the Federal Rules of Evidence.

4

Other cases cited by Defendant rely on authority that reflect tax returns were in fact considered, but were deemed unpersuasive standing alone (*see*, *e.g.*, *Mays v. United States*, 763 F.2d 1295 (11th Cir. 1985), and cases cited therein).

There is no rule that excepts tax records from the reach of the Federal Rules of Evidence. Upon proper foundation, tax returns may be admissible under exceptions to the hearsay rules including Rule 803(6) (business records) and Rule 803(8) (public records). *See*, *e.g.*, *In re: Indus. Commercial Elec.*, 319 B. R. 35, 54 (D. Mass. 2005); *United States v. Stefani*, 338 Fed. Appx. 579 (9th Cir. 2009) (unpublished). Of course, if offered against the taxpayer, tax returns and associated records are definitionally not hearsay pursuant to Rule 801(d)(2). And if a party seeks to offer his own tax return, adopts it while testifying and is subject to cross-examination, any hearsay danger is substantially mitigated. *See* Fed. R. Evid. 801(d) advisory committee's note regarding the 1972 Proposed Rules ("If the witness admits on the stand that he made the statement and that it was true, he adopts the statement and there is no hearsay problem."). Moreover, if the proponent of tax records does not seek to admit them for the truth of the matters asserted therein (for instance, to provide context for the understanding of a transaction, the relationship between entities, or when the return was false, incorrect, or erroneous), they fall outside the hearsay rubric. *See* Fed. R. Evid. 801(c).

Finally, Defendant's assertion that such evidence fails the Rule 403 balancing test is rejected. Rule 403 generally favors the *admission* of evidence (*United States v. Dennis*, 625 F.2d 782 (8th Cir. 1980)), and exclusion under the rule is an extraordinary remedy

that should be used sparingly. *United States v. Meester*, 762 F.2d 867 (11th Cir. 1985), *cert. denied*, 474 U.S. 1024 (1985). Defendant has failed to show that the probative value of such evidence is substantially outweighed by any of the dangers mentioned in Rule 403.

For these reasons, the Court is unpersuaded by Defendant's blanket assertion of the inadmissibility of tax records and the motion on this issue is denied.

### III. IRS Administrative Documents

Defendant further seeks to exclude several documents that contain IRS administrative considerations and determinations ("IRS Documents"). Defendant contends these documents are irrelevant as a matter of law, inadmissible under Rules 401-402, and that their admission would be prejudicial, confuse the jury, and waste the Court's time under Rule 403. Plaintiff contends that the IRS Documents should be admitted because they tend to show that Defendant has changed its position regarding the grounds for denying Plaintiff's claim for a refund.

The Court defers its ruling on the admissibility of Plaintiff's Exhibits 10 and 11 until the appropriate time during trial. Plaintiff is cautioned to seek a ruling on admissibility outside of the hearing of the jury prior to offering the exhibits or eliciting testimony about the exhibits.

### IV. Records Regarding Cash Contributions

Finally, Defendant seeks to exclude Plaintiff's records purporting to show that Hob-Lob and Hobby Lobby Stores, Inc. corrected the alleged clerical error regarding the

$4.75 million in cash contributions claimed by Plaintiff ("Clerical Error Correction Records"). Defendant argues that Plaintiff failed to timely disclose the majority of the documents as required by Fed. R. Civ. P. 26 and 37(c), the documents are inadmissible hearsay, and their admission would be unduly prejudicial under Rule 403.

Plaintiff maintains that it timely produced some of the Clerical Error Correction Records (pages 4-11 of Plaintiff's Exhibit 23 and pages 4-7 of Plaintiff's Exhibit 24). Plaintiff further maintains that it was not until February 20, 2015, when Defendant filed its Motion for Summary Judgment, that Defendant first formally articulated its position regarding the $4.75 million in cash contributions. After the Court's Order denying Defendant's Motion [Doc. No. 49], Plaintiff did not believe that it was necessary to produce the Clerical Error Correction Records, because Plaintiff concluded that the summary judgment order resolved the issue in its favor. Plaintiff maintains that the need for the documentary evidence became clear, however, when Defendant articulated the issue anew in the first proposed Final Pretrial Report, and accordingly, Plaintiff then produced the Clerical Error Correction Records. Plaintiff also filed a Motion in Limine seeking to clarify the Court's February 10, 2016 summary judgment order. Plaintiff further maintains that, in regard to Defendant's hearsay argument, the Clerical Error Correction Records fall within Rule 803(6)'s business records exception.

The Court is persuaded by the chronological explanation in Plaintiff's Objection [Doc. No. 68, pp. 14-20] that the failure to disclose was substantially justified. *See* Fed. R. Civ. P. 37(c)(1). It is entirely understandable that, as a result of the Court's February

10, 2016 summary judgment order, Plaintiff believed that the cash contribution issue had been resolved in its favor. *See* Order [Doc. No. 49]. Indeed, the question of the effect of the Court's prior order was not clarified until October 4, 2016, when the Court ruled on Plaintiff's Motion in Limine. *See* Order [Doc. No. 82]. Moreover, during summary judgment proceedings in which the clerical error issue was addressed in briefing filed in early 2015, arguments and evidentiary materials were submitted that easily could have led Defendant to take action to conduct further inquiry, especially in light of its apparent belief – since February 2016 – that factual issues remained regarding clerical errors. This point is underscored by Plaintiff's partial disclosure of material which makes up the complained-of exhibits on January 13, 2015, just prior to the close of discovery. And when, three months ago, the remaining parts of Exhibits 23 and 24 were disclosed to Defendant, at a time when Defendant could have effectively sought to reopen discovery for the limited purpose of further inquiry into the documents, it did not do so.

Under the particular facts and circumstances here, the Court does not find the degree of surprise, prejudice, potential for disruption of trial, and bad faith or willfulness that would compel the exclusion of Plaintiff's Exhibits 23 and 24. *See Jacobson v. Desert Book Co.*, 287 F.3d 936 (10th Cir. 2002). Nevertheless, the Court invites Defendant to, prior to the start of trial, propose to the Court specific measures it believes

are necessary to mitigate any prejudice to its ability to adequately prepare for, and present, its case during trial in light of the documents in Plaintiff's Exhibits 23 and 24.[1]

Finally, Defendant asserts the complained-of documents are hearsay. The Court reserves this objection pending Plaintiff's opportunity to establish a foundation for admission at trial.

## Conclusion

For the reasons set forth herein, Defendant's Motion in Limine [Doc. No. 61] is denied in part and reserved in part.

IT IS SO ORDERED this 7th day of October, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] The Court can, upon a proper showing of necessity, allow additional discovery, in the form of depositions or otherwise, prior to the expected presentation of the documents in question, or grant a short continuance if necessary to conduct such discovery.